967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Joseph OLTARZEWSKI, Jr., Plaintiff-Appellant,
v.
Melody O'DONNELL, John Foreman, Defendants-Appellees.
 No. 91-16643.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles J. Oltarzewski, Jr., an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his civil rights action against Melody O'Donnell, a state court reporter, and John Foreman, an Arizona superior court judge. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.
 
 Constitutional Claims
 A. Request for Damages
 
 3
 Oltarzewski contends that the district court erred by dismissing his complaint as frivolous under 28 U.S.C. § 1915(d).[1] This contention lacks merit.
 
 
 4
 A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). It is firmly established that judges are immune from damages liability under section 1983 for acts committed within the course of their official duties. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (judges have absolute immunity for judicial actions taken within the subject matter jurisdiction of the court). Absolute quasi-judicial immunity extends to court reporters when they are performing acts within their designated capacities. See Antoine v. Byers & Anderson, Inc., 950 F.2d 1471, 1474-76 (9th Cir.1991) (holding that a federal court reporter has absolute quasi-judicial immunity because "the tasks performed by a court reporter in furtherance of her statutory duties are functionally part and parcel of the judicial process"), petition for cert. filed, --- U.S.L.W. ---- (U.S. Mar. 11, 1992) (No. 91-7604); Stewart v. Minnick, 409 F.2d 826, 826 (9th Cir.1969) (per curiam). "Absolute immunity will not attach to judicial officers when they act 'clearly and completely outside the scope of their jurisdiction.' " Antoine, 950 F.2d at 1476 (quotation omitted).
 
 
 5
 Here, the district court did not err by dismissing Oltarzewski's claim for damages as frivolous. Oltarzewski's complaint alleged that he was denied his constitutional rights because an Arizona Superior Court judge and a court reporter conspired to falsify the transcripts of Oltarzewski's state criminal trial. Oltarzewski sought both damages and injunctive relief. These allegations are not sufficient to show that the judge and the court reporter acted outside the scope of their jurisdiction. The defendants therefore are absolutely immune from damages. See Pierson, 386 U.S. at 553-54; Antoine, 950 F.2d at 1474-76; Ashelman, 793 F.2d at 1075; Stewart, 409 F.2d at 826. Accordingly, because Oltarzewski's claim for damages lacked an arguable basis in law, the district court did not abuse its discretion by dismissing it as frivolous. See Neitzke, 490 U.S. at 325.
 
 B. Request for Injunctive Relief
 
 6
 Oltarzewski contends that the district court erred by denying his request for an injunction requiring the court reporter to produce her stenography notes so that they could be transcribed by another court reporter. This contention lacks merit.
 
 
 7
 When a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate release from imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1989) (habeas petition is the exclusive federal remedy "whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long"), cert. denied, 111 S.Ct. 1090 (1991). State prisoners must exhaust available state remedies before bringing a federal habeas petition. 28 U.S.C. § 2254(b). Ordinarily, the district court should stay, rather than dismiss, a prisoner's claim for damages while the prisoner exhausts his state remedies. See Young, 907 F.2d at 878.
 
 
 8
 Here, the district court properly denied Oltarzewski's request for an injunction because such relief would require as its predicate a determination that his conviction is invalid, and Oltarzewski has not alleged exhaustion of state remedies. See 28 U.S.C. § 2254(b); Preiser, 411 U.S. at 500; Young, 907 F.2d at 876, 878. Moreover, the district court properly dismissed rather than stayed Oltarzewski's claim for damages because, as discussed above, the defendants are absolutely immune from damages. See Pierson, 386 U.S. at 553-54; Antoine, 950 F.2d at 1474-76; Ashelman, 793 F.2d at 1075; Stewart, 409 F.2d at 826.
 
 Recusal
 
 9
 Oltarzewski contends that the district court judge (1) should have recused himself from this case because he had demonstrated bias by dismissing Oltarzewski's prior civil rights actions, and (2) should have held a hearing on Oltarzewski's motion for recusal. These contentions lack merit.
 
 
 10
 The denial of a motion for recusal is reviewed for an abuse of discretion. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) (citation omitted). "The standard for recusal under 28 U.S.C. §§ 144, 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Id. (quotations omitted).
 
 
 11
 Here, Oltarzewski merely alleged that the judge's decisions in Oltarzewski's prior civil rights actions were adverse to him; he did not demonstrate extrajudicial bias. Thus, Oltarzewski failed to show that the district court judge was biased or prejudiced against him. See id. A hearing was not necessary because "the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." Id. (citation omitted). Accordingly, the district court did not abuse its discretion by denying Oltarzewski's motion for recusal. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We interpret the district court's dismissal of Oltarzewski's complaint before service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)