972 F.2d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hagos G. AMLAK, Plaintiff-Appellant,
v.
ALAMEDA COUNTY, et al., Defendants-Appellees.
 No. 91-16304.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hagos G. Amlak, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 We review the district court's determination that a complaint is frivolous under 28 U.S.C. § 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate release from imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1989) (habeas petition is the exclusive federal remedy "whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long"), cert. denied, 111 S.Ct. 1090 (1991). State prisoners must exhaust available state remedies before bringing a federal habeas petition. 28 U.S.C. § 2254(b). Nevertheless, the district court should stay, rather than dismiss, a prisoner's claim for damages while the prisoner exhausts his state remedies. Young, 907 F.2d at 878.
 
 
 4
 Here, Amlak's section 1983 complaint alleged that (1) his conviction was unconstitutional; and (2) the defendants had failed to release him when his sentence expired. These claims can be raised only in a habeas corpus petition under 28 U.S.C. § 2254. See Preiser, 411 U.S. at 500; Young, 907 F.2d at 876. Moreover, Amlak must exhaust available state remedies before a federal court can consider these claims. See 28 U.S.C. § 2254(b).
 
 
 5
 In his complaint, Amlak sought to recover damages against the Alameda County Superior Court System, several state court judges and prosecutors, the former and current governors of California, the state of California, and the Chairman of the California Board of Prison Terms. The district court correctly determined that Amlak's claims for damages against these defendants are frivolous. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (eleventh amendment bars suit against the state and state agencies); Monell v. Department of Social Servs. of New York, 436 U.S. 658, 691, 694 (1978) (no respondeat superior liability under section 1983); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (judges are absolutely immune); Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983) (parole board members are absolutely immune).
 
 
 6
 Amlak's complaint also names as defendants Michael Ogul, a deputy public defender, James Rowland, the Director of the California Department of Corrections, and Daniel Vasquez, the Warden of San Quentin Prison. Amlak's claims for damages against these defendants have an arguable basis in law. See Hafer v. Melo, 112 S.Ct. 358 (1991) (state officials sued in their individual capacities are not immune from suit for damages under section 1983); Tower v. Glover, 467 U.S. 914, 923 (1984) (public defender who conspires with state officials acts under color of state law and may be liable under section 1983). The district court erred by dismissing Amlak's claims against these defendants as frivolous. See Neitzke, 490 U.S. at 325. These claims should be stayed while Amlak exhausts his state remedies. See Young, 907 F.2d at 878.[1]
 
 
 7
 Accordingly, we affirm the district court's judgment as to all defendants except Ogul, Rowland, and Vasquez. We vacate and remand to the district court with instructions to stay the action as to these three defendants.
 
 
 8
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Amlak's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Amlak's contention that the district court erred by failing to appoint counsel to represent him is meritless. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980) (appointment of counsel is appropriate only if exceptional circumstances exist)