Robert H. YOUNG, Plaintiff–Appellant,

v.

Phyllis KENNY, Thomas Manning, Henry Rose, Defendants–Appellees.

No. 88–3995.

United States Court of Appeals, Ninth Circuit.

Submitted July 25, 1989.*

Decided Oct. 11, 1989.

As Amended on Denial of Rehearing June 25, 1990.

Rehearing En Banc Denied June 25, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Robert H. Young, Shelton, Wash., in pro per.

Richard R. Wiebe, Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff-appellant.

Aaron K. Owada, Asst. Atty. Gen., Olympia, Wash., for defendants-appellees.

Before BROWNING, KOZINSKI and RYMER, Circuit Judges.

## ORDER

The opinion filed on October 11, 1989, 887 F.2d 237 is amended as reflected in the attached revised opinion.

With these amendments the petition for rehearing is denied. The full court has been advised of the suggestion for en banc rehearing and no judge has requested a vote thereon. The suggestion for rehearing en banc is therefore rejected. Fed.R. App.P. 35(b).

## OPINION

KOZINSKI, Circuit Judge:

Robert Young, a Washington state prisoner, filed a complaint for damages pursuant to 42 U.S.C. § 1983 (1982), claiming that state officials had unconstitutionally failed to apply jail-time credits to his prison sentence. The district court dismissed his complaint; we modify the district court's order to stay rather than dismiss the claim.

1. Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489–90, 500, 93 S.Ct. 1827, 1836–37, 1841, 36 L.Ed.2d 439 (1973).[1] This is largely because, while a habeas petitioner must exhaust state remedies, *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982), a section 1983 plaintiff need not. *Ellis v. Dyson*, 421 U.S. 426, 432–33, 95 S.Ct. 1691, 1695, 44 L.Ed.2d 274

---

1. Where a prisoner wishes to challenge the *conditions* of his confinement, by contrast, a section 1983 action is a proper avenue of redress.

(1975). The exhaustion requirement in federal habeas actions "is rooted in considerations of federal-state comity." *Preiser,* 411 U.S. at 491, 93 S.Ct. at 1837. It is well-established that the states have a substantial interest in the administration of their prisons, and in the correction of any problems that may arise therein. "The strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons." *Id.* at 492, 93 S.Ct. at 1837–38.

If habeas were not the exclusive federal method for challenging the length of a state prison sentence, the exhaustion requirement could be undermined by a section 1983 plaintiff who obtains a federal court's ruling that his sentence is too long. A prevailing section 1983 plaintiff in an action seeking release from jail or other prospective relief could obtain a judgment against state officials in their official capacities. *See Will v. Michigan Dep't of State Police,* — U.S. —, 109 S.Ct. 2304, 2311 n. 10, 105 L.Ed.2d 45 (1989). Such a judgment might preclude the state from relitigating the issue in a subsequent state habeas proceeding, frustrating the exhaustion requirement and the important considerations of federal-state comity it protects.

Federal-state comity is a concern even where, as here, the prisoner does not specifically request the reduction of his sentence in the section 1983 complaint. Before a district court could award damages to Young, it would have to determine that his jail-time credits were unconstitutionally withheld. Such a ruling would not bar a state from relitigating the issue in a subsequent state habeas proceeding because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983" when the relief requested is damages. *Will,* 109 S.Ct. at 2312. Neverthe-

less, should a federal court find a term of imprisonment unlawful without first giving the state court system an opportunity to correct its own constitutional errors, it may result in "unnecessary friction between the federal and state court systems." *Preiser,* 411 U.S. at 490, 93 S.Ct. at 1836. Were the state court then to uphold the sentence, the prisoner would be entitled to bring federal habeas, perhaps *in the same district court* that had earlier ruled that the sentence was unlawful. The purpose of the exhaustion requirement—to give the state courts the first opportunity to rule on the claims of state prisoners—would accordingly be frustrated. As a result, habeas must be the exclusive federal remedy not just when a state prisoner *requests* the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long.

All nine federal circuit courts to consider this question have arrived at the same conclusion. *See Guerro v. Mulhearn,* 498 F.2d 1249, 1251–55 (1st Cir.1974) (request for money damages barred where resolution would require determination that state conviction was invalid); *Mack v. Varelas,* 835 F.2d 995, 998 (2d Cir.1987) (section 1983 action proper where success would not lead to more speedy release); *Brown v. Fauver,* 819 F.2d 395, 397–99 (3d Cir.1987) (restoration of good-time credits obtainable only via writ of habeas corpus where sentence still being served); *Todd v. Baskerville,* 712 F.2d 70, 72–73 (4th Cir.1983) (same); *Richardson v. Fleming,* 651 F.2d 366, 373 (5th Cir. Unit A July 1981) ("any § 1983 action which draws into question the validity of the fact or length of confinement must be preceded by exhausting state remedies," regardless of the relief sought); *Hadley v. Werner,* 753 F.2d 514, 516 (6th Cir.1985) (per curiam) (federal court must " 'stay its hand where disposition of the damage action would involve a ruling implying that a state conviction is or would be

illegal' ") (quoting *Guerro,* 498 F.2d at 1252); *Hanson v. Heckel,* 791 F.2d 93, 94–97 (7th Cir.1986) (per curiam) (claim of unconstitutional deprivation of good-time credits sounds exclusively in habeas where sentence still being served, despite fact that complaint sought damages but not restoration of credits); *Offet v. Solem,* 823 F.2d 1256, 1258–61 (8th Cir.1987) (federal court must stay section 1983 action for deprivation of good-time credits until plaintiff has exhausted state remedies); *Gwin v. Snow,* 870 F.2d 616, 626–27 (11th Cir. 1989) (section 1983 claim must be treated as habeas petition if relief requested would "undermine" conviction).

Such a rule is not inconsistent with our prior decisions, which have never expressly addressed the question, but point in the same general direction. *See Toussaint v. McCarthy,* 801 F.2d 1080, 1102–03 (9th Cir. 1986) (habeas not exclusive remedy where prisoners seek only to be moved from one location to another within a prison), *cert. denied,* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987); *Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 682 (9th Cir.1984) (federal court may not rule on prisoner's section 1983 claim where "[a]lthough he does not specifically request release, the finding of such declaratory relief in his favor would show that release was required"); *Clutchette v. Procunier,* 497 F.2d 809, 812–14 (9th Cir.1974) (prisoner may bring section 1983 action to challenge disciplinary procedures having only "speculative and incidental effect" on length of sentence without first exhausting state remedies), *modified,* 510 F.2d 613 (9th Cir.1975), *rev'd on different grounds sub nom. Baxter v. Palmigiano,* 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). *See also Bergen v. Spaulding,* 881 F.2d 719, 720, 722 (9th Cir.1989) (permitting section 1983 suit for deprivation of good-time credits to proceed where plaintiff no longer serving prison sentence). We become the tenth circuit court to adopt it.

2. Although we join our sister circuits, we share a concern expressed by many of them. In *Wolff v. McDonnell,* 418 U.S.

539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court observed:

> The complaint in this case sought restoration of good-time credits, and the Court of Appeals correctly held this relief foreclosed under *Preiser.* But the complaint also sought damages; and *Preiser* expressly contemplated that claims properly brought under § 1983 could go forward while actual restoration of good-time credits is sought in state proceedings. Respondent's damages claim was therefore properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct. Such a declaratory judgment as a predicate to a damages award would not be barred by *Preiser*
> . . . .

*Id.* at 554–55, 94 S.Ct. at 2973–74 (citation and footnote omitted). We are acutely aware that this language appears to conflict with the rule we have just adopted; this passage from *Wolff* may suggest that the exclusivity of habeas turns on the type of relief requested by the plaintiff. We are not the first court to worry about this problem: Many of the decisions cited above discuss *Wolff* at length and attempt to distinguish it, none very persuasively. *See, e.g., Offet,* 823 F.2d at 1259–61; *Todd,* 712 F.2d at 72–73; *Hanson,* 791 F.2d at 95–96. While we, too, are unable to come up with a principled way of distinguishing *Wolff,* we agree with Judge Bowman, writing for the Eighth Circuit, that "to read *Wolff* as allowing a state prisoner to avoid the exhaustion requirement by artful pleading is to set *Wolff* at odds with the rationale of *Preiser,* and we do not believe that the Court intended such a result." *Offet,* 823 F.2d at 1260.

We would nevertheless feel bound to follow *Wolff,* and thereby create a conflict with nine of our sister circuits, were it not for a brief excursion made by the Supreme Court at the end of its opinion in *Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984). Even though the issue we consider today was not presented in

*Tower,* the Court went out of its way to note: "We ... have no occasion to decide if a Federal District Court should abstain from deciding a § 1983 suit for damages stemming from an unlawful conviction pending the collateral exhaustion of state-court attacks on the conviction itself." *Id.* at 923, 104 S.Ct. at 2826. Although this statement is dictum,[2] we take it seriously: Because the statement would make no sense if *Wolff* had resolved the question we face today, we presume that the *Tower* majority deliberately included it in its opinion to signal that the Court deems itself not to have ruled on our issue. Thus, while *Wolff* on its face appears to foreclose the decision we reach, the Court evidently does not view it that way. This is fortunate, as it spares us the necessity of creating an intercircuit conflict on a fundamental and recurring issue.

■ 3. Because Young is still in prison and has failed to exhaust his state remedies, a federal court judgment that his jail-time credits have been improperly withheld would undermine the exhaustion requirement in federal habeas actions and frustrate important values of federal-state comity.[3] The district court, following this line of reasoning, dismissed Young's complaint. Dismissal, however, could be an unnecessarily harsh method of resolving the tension between section 1983 and the habeas exhaustion requirement. Exhaustion of state remedies is a process that may take years to complete; it is not farfetched to contemplate that a prisoner may be unable to exhaust state remedies before the limitations period expires on his section 1983 claim. Accordingly, district courts in some circuits stay, rather than dismiss, section 1983 complaints in this posture. *See, e.g., Mack,* 835 F.2d at 999–1000; *Richardson,* 651 F.2d at 373; *Offet,* 823 F.2d at 1261. This is a wise policy; it would hardly promote the goals of the Civil Rights Act of 1871 to twice deny prisoners a federal forum for section 1983 complaints, once for being too early and again for being too late.

We therefore vacate the district court's order dismissing Young's complaint. The court shall, instead, stay federal proceedings so that Young may have an opportunity to pursue state remedies. Young may proceed further in the district court only after he has exhausted those remedies or is no longer serving a prison sentence capable of being reduced by the application of jail-time credits.

---

**2.** Justice Brennan, joined by Justices Marshall, Blackmun and Stevens, complained about this:

> Although the issue was never raised by the parties, and although, as the Court properly concedes, the issue has absolutely no bearing on the disposition of this case, the Court nevertheless has seen fit to observe that it "ha[s] no occasion to decide" whether federal courts should "abstain" from deciding a state prisoner's § 1983 suit for damages stemming from an unlawful conviction pending that prisoner's exhaustion of collateral state-court challenges to his conviction. The reasons why the Court has no "occasion" to decide this question are clear enough: The question was never pressed or passed upon below, never briefed or argued in this Court, and, because respondent Glover has already exhausted all state-court remedies, the issue has no

bearing whatsoever on the proper resolution of the controversy we have been called upon to decide.

467 U.S. at 924, 104 S.Ct. at 2827 (Brennan, J., concurring) (citation omitted). The four concurring justices joined all of *Tower* except the paragraph discussing the issue raised in this case.

**3.** The district court did not consider Young's claims that restoration of his jail-time credits will *not* reduce the sentence he is currently serving. On remand, the district court shall determine whether restoration of Young's jail-time credits could result in his speedier release. If not, habeas would no longer be his exclusive federal remedy, *see Preiser,* 411 U.S. at 500, 93 S.Ct. at 1842, and he could therefore proceed in federal court under section 1983.