951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank E. VOTH, Plaintiff-Appellant,
v.
Keith MEISENHEIMER, Asst. District Attorney; Brenda
Rohrbach; Sally Avera, Public Defender; Robert
E. Jones, District Judge, Defendants-Appellees.
 No. 91-35486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank E. Voth, an Oregon state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and vacate and remand in part.
 
 
 3
 In his amended complaint, Voth sued various defendants for alleged violations of his constitutional civil rights in connection with his state court conviction. Thus, as the district court correctly recognized, Voth's section 1983 action sought to collaterally attack his state court conviction.
 
 
 4
 We have held that if a state prisoner challenges the fact or duration of his state court conviction, the sole federal remedy is a habeas corpus action. See Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1989), cert. denied, 111 S.Ct. 1090 (1991). A district court should stay, rather than dismiss, a claim for damages under section 1983 pending the exhaustion of state remedies. See id. at 878.[1] Here, however, judges are absolutely immune from from civil damages liability for actions taken in a judicial capacity, and thus, we affirm the dismissal with prejudice as to the district court judge. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). As to the remaining defendants, however, we vacate the dismissal and remand this action to the district court with instructions to enter an order staying Voth's section 1983 action pending the exhaustion of his state remedies. See Young, 907 F.2d at 875.
 
 
 5
 AFFIRMED in part, VACATED AND REMANDED with instructions in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order reflects that at the time Voth filed his section 1983 action, he also had filed a federal habeas action seeking a determination of the same issues, and an appeal of the state court conviction itself