963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Morales ESQUIVEL, Plaintiff-Appellant,
v.
Shiela RAMOS, et al., Defendants-Appellees.
 No. 91-15551.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided May 19, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Esquivel, a state prisoner, appeals pro se the district court's stay of his 42 U.S.C. § 1983 claim pending exhaustion of state remedies. Assuming jurisdiction for purposes of this appeal,[1] the stay was properly entered. Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Esquivel's complaint can fairly be read to encompass such claims as ineffective assistance of counsel that go to the fact or duration of confinement. Once remedies appropriately sought by way of habeas have been exhausted, Esquivel may proceed further in the district court on his damages claims arising under § 1983.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To meet the requirements of the collateral order doctrine, and thus be reviewable, an interlocutory order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)