967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank E. VOTH, Plaintiff-Appellant,
v.
MULTNOMAH COUNTY COURTS, Defendant-Appellee.
 No. 91-36042.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 1, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank E. Voth, an Oregon state prisoner, appeals pro se the district court's denial of his request for a preliminary injunction and the dismissal of his 42 U.S.C. § 1981 action.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Voth's complaint alleged that during his criminal trial, the Multnomah County Courts deprived him of due process and equal protection of the laws. Voth sought damages and injunctive relief.
 
 
 4
 When a state prisoner challenges the fact or duration of his confinement and seeks a determination that he is entitled to immediate release from imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1989) (habeas petition is the exclusive federal remedy "whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid"), cert. denied, 111 S.Ct. 1090 (1991).
 
 
 5
 Because Voth's complaint challenges the fact of his confinement and seeks release from custody, the district court correctly determined that his sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254 and denied his request for a preliminary injunction. See Preiser, 411 U.S. at 500.[2]
 
 
 6
 Generally, the district court should stay, rather than dismiss, a claim for damages while the prisoner exhausts his state remedies. Young, 907 F.2d at 878. Here, however, the district court did not err by dismissing Voth's claim for damages because the eleventh amendment bars an action for damages against the state and state agencies. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Voth's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Voth's opening brief as a notice of appeal from the district court's judgment in favor of the defendant. See Smith v. Barry, 112 S.Ct. 678, 682 (1992) ("if a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal")
 
 
 [2]
 If Voth chooses to file a section 2254 habeas petition, he must (1) exhaust available state remedies, (2) name the state officer who has custody of him as the respondent, and (3) set forth specific facts to support his claims for relief. See 28 U.S.C. § 2254(b) & (c); Rule 2(a) & (c), Rules Governing Section 2254 Cases