968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rickey Byron CHURCHILL, Plaintiff-Appellant,
v.
Pete WILSON, Defendant-Appellee.
 No. 91-16469.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.
Decided July 10, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rickey Byron Churchill, a California state prisoner, appeals pro se the district court's summary judgment in favor of the defendants in his 42 U.S.C. § 1983 civil rights action. We review de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and we affirm.
 
 
 3
 We view the evidence in the light most favorable to the party opposing the summary judgment motion and affirm only in the absence of any genuine issue of material fact and if the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 4
 In general, federal-state comity concerns mandate that when a prisoner's section 1983 action requires the court to determine as a predicate to the relief being sought that the sentence being served is invalid, the prisoner must first exhaust these issues in state habeas proceedings. See Young v. Kenney, 907 F.2d 874, 876-77 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991).
 
 
 5
 Here, however, the magistrate judge below specifically found that Churchill had exhausted his state habeas remedies. The government did not contest this finding below and does not do so here. Accordingly, we address the merits of Churchill's claim for damages. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974) (prisoner may bring a section 1983 action for damages arising from facts that also support a habeas corpus challenge).
 
 
 6
 In his complaint, Churchill named six defendants: (1) George Deukmejian, former California Governor;[1] (2) John Van de Kamp, former California Attorney General; (3) Ronald Koenig, Chairman of the Board of Prison Terms; (4) James Rowland, former Director of the Department of Corrections; (5) Midge Carroll, Superintendent of Deuel Vocational Institute, Tracy; and (6) Edward Ylst, Warden of California Medical Facility, Vacaville. Churchill contends that these defendants conspired to obtain his extradition from New York State by relying on a parole violation warrant which made reference to an offense of conviction from which Churchill had already been discharged. Churchill argues that the defendants misdescribed the offense for which he was allegedly on parole in order to hide from New York authorities the fact that he was actually on parole from another offense, for which Churchill was unconstitutionally convicted.
 
 
 7
 Affidavits submitted by defendants Van de Kamp, Koenig, Rowland, Carroll, and Ylst along with their motion for summary judgment establish that none of these defendants were personally involved in the decision to extradite Churchill or in evaluating the accuracy forming the basis for the extradition request. In his opposition to the summary judgment, Churchill asserts that these defendants were responsible for the actions of their subordinates which resulted in his allegedly illegal extradition form New York. Accordingly, Churchill's theory of liability rests solely on the doctrine of respondeat superior.
 
 
 8
 Liability under section 1983, however, arises only upon a showing of personal involvement by the defendant in the alleged constitutional violations; there is no respondeat superior liability. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor is liable under section 1983 only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Therefore, the district court did not err by granting summary judgment in favor of these five defendants. See id.
 
 
 9
 Unlike the other defendants, however, former Governor Deukmejian personally signed the extradition order. Nonetheless, we conclude that Governor Deukmejian is absolutely immune from suit under section 1983. Pursuant to Cal.Penal Code § 1549, et seq., the Governor of California is empowered with discretionary authority to request extradition of an individual held by another state. Cf. South Dakota v. Brown, 20 Cal.3d 765, 777, 144 Cal.Rptr. 758, 576 P.2d 473 (1978) (the power of the Governor of California to permit or prohibit extradition under California's Extradition Act is discretionary). This discretion regarding requests for extradition is akin to the exercise of discretion by a prosecutor determining whether to bring charges against a particular defendant. As such, Governor Deukmejian's action in signing the extradition order was an action for which he is absolutely immune from suit under section 1983. See Imbler v. Pachtman, 424 U.S. 409, 430-31; see also Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On our own motion, we substituted Pete Wilson, Governor of California, as appellee in place of former Governor Deukmejian