972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert PEERNOCK, et al Petitioner-Appellant,
v.
SUPERIOR COURT, NORTH VALLEY JUDICIAL DISTRICT, et al.,
Respondent-Appellee.
 No. 90-55399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 14, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Peernock, a California state prisoner, appeals pro se the dismissal of his action against Fred Rimerman, a state judge, for violation of the Racketeering Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. §§ 1961-1964. Peernock contends that Judge Rimerman participated in a conspiracy to steal Peernock's assets by appointing a guardian to care for Peernock's minor daughter and a representative to administer the estate of Peernock's deceased wife. Peernock also alleges various procedural irregularities and errors relating to the administration of his estate while he was imprisoned. He seeks damages against Judge Rimerman for the amount of fifty million dollars and treble damages under 18 U.S.C. § 1964(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Immunity attaches even if the acts were done in error or were performed "maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. at 356-57 & n. 7.
 
 
 4
 Here, Judge Rimerman's actions in appointing a guardian for Peernock's daughter and an administrator for the estate of Peernock's deceased wife were actions taken well within the court's jurisdiction. See Cal.Prob.Code §§ 1514, 8460. Moreover, even if Peernock were able to demonstrate that Judge Rimerman committed procedural errors in the handling of his case, he could not overcome the judicial immunity bar. See Stump, 435 U.S. at 356-57. Accordingly, the district court properly dismissed Peernock's RICO action. See id.[1]
 
 
 5
 Peernock also asserts that the district court erred when it denied him leave to amend his complaint and that this court erred in denying him in forma pauperis status.
 
 
 6
 First, dismissal of a pro se complaint without leave to amend is proper when it is "absolutely clear that the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Here, Peernock has failed to establish how amending his complaint would overcome Judge Rimerman's absolute immunity from suit. Accordingly, the district court correctly denied Peernock's motion for leave to amend.
 
 
 7
 Second, Peernock's contention that this court erred by denying him in forma pauperis status is erroneous. This court granted Peernock in forma pauperis status on August 22, 1991.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Peernock also appears to request a restraining order against Judge Rimerman to stop him "from harassing, injuring, threatening to kill [or] attempting to kill plaintiff Bobby Adams a witness and another witness against this organized racketeering activity." We recognize that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity. See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). Nevertheless, here Peernock does not allege any connection between Judge Rimerman and Bobby Adams. Nowhere in Peernock's complaint pertaining to Judge Rimerman is Bobby Adams's name even mentioned. Under these circumstances, the district court properly dismissed Peernock's request for prospective injunctive relief. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of participation in civil rights violations are insufficient to withstand a motion to dismiss)
 
 
 [2]
 Moreover, to the extent that Peernock is challenging the validity of his conviction in light of the alleged conspiracy, his sole federal remedy is to file a writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1989) (habeas petition is the exclusive federal remedy "whenever the request relief requires as its predicated a determination that a sentence currently being serviced is invalid or unconstitutionally long"), cert. denied, 111 S.Ct. 1090 (1991)