972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Avila MARTINEZ, Plaintiff-Appellant,
v.
Detective LA BRANCH, Sacramento, City Poli, Jack Martin,
Public Defender, et al., Defendant-Appellee.
 No. 91-16698.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Avila Martinez, a California state prisoner, appeals pro se the magistrate judge's sua sponte stay of his 42 U.S.C. § 1983 action for damages prior to service of process.[1] We vacate and remand.
 
 
 3
 Martinez filed a section 1983 complaint in the district court seeking damages for the defendants' alleged conspiracy to "insure plaintiff's arrest ... and ... conviction." The magistrate judge issued a stay pending exhaustion of state remedies and directed that "THIS ACTION WILL NOT PROCEED FURTHER UNLESS AND UNTIL HE [Martinez] NOTIFIES THE COURT THAT HE HAS EXHAUSTED STATE REMEDIES." See Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990) (when a prisoner's section 1983 action requires the court to determine that the conviction is invalid, prisoner must first exhaust state remedies), cert. denied, 111 S.Ct. 1090 (1991).
 
 
 4
 Here, the parties did not consent to the magistrate judge's exercise of plenary authority. See 28 U.S.C. § 636(c) (grants magistrate judges expansive powers in civil actions when parties consent); Columbia Record Prod. v. Hot Wax Records, Inc., No. 91-55429, slip op. 6371, 6375-76 (9th Cir. June 8, 1992) (consent must be explicit and on the record). Thus, the magistrate judge did not have the authority to issue an order staying the action pending exhaustion of state remedies. See 28 U.S.C. § 636(b)(1); Reynaga v. Cammisa, No. 91-15468, slip op. 9237, 9241-43 (9th Cir. August 3, 1992).[2]
 
 
 5
 Arguably, because the district court did not approve the magistrate judge's order, there is no final, appealable order. See id. at 9244. We need not resolve this issue, however, because under Reynaga, we may treat Martinez's "appeal" as a petition for writ of mandamus or prohibition under 28 U.S.C. § 1651. See Id. at 9245-46 (holding that issuance of a writ in these circumstances is appropriate). Accordingly, we issue a writ of mandamus vacating the stay. We remand to the district court for further proceedings consistent with this opinion.
 
 
 6
 We do not address the propriety of a sua sponte stay before service of process. See Granberry v. Greer, 481 U.S. 129, 134 (1987) (exhaustion essentially is a defense which, if not raised by the state, may be waived). The district court may consider this issue upon remand.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Martinez's request for oral argument by telephone is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We recently determined that we have jurisdiction over district court orders staying civil rights actions pending exhaustion of state remedies. See Marchetti v. Bitterolf, No. 91-55095, slip op. 7847, 7851-52 (9th Cir. July 2, 1992)
 
 
 [2]
 Although the district court's docket sheet indicates that Reynaga's action was "assigned" to Judge Karlton and "referred" to Magistrate Judge Hollows, the record contains no order from the district judge authorizing the magistrate judge to exercise jurisdiction. In light of our disposition of this appeal, we need not determine the consequences of the absence of such an order from the record; we assume for the purposes of this appeal that the order exists. See Reynaga, No. 91-15468, slip op. at 9249 n. 1