974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul KOLACEK, Plaintiff-Appellant,
v.
Samuel LEWIS, Defendant-Appellee.
 No. 92-15098.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Kolacek, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 
 3
 Kolacek contends that Samuel Lewis, the director of the Arizona Department of Corrections, violated his civil rights when Kolacek was transferred to Texas pursuant to an allegedly invalid detainer. Kolacek argues that the invalid detainer renders his subsequent Texas state conviction, which he is serving concurrently to his Arizona state conviction, invalid. This contention lacks merit.
 
 
 4
 If a state prisoner challenges the fact or duration of his sentence, his exclusive federal remedy is a writ of habeas corpus even if the prisoner seeks only damages and does not seek release from confinement. Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Generally, the district court should stay, rather than dismiss, a claim for damages pending the exhaustion of state remedies to prevent the statute of limitations from barring the claim for damages. See id. at 878.
 
 
 5
 Here, however, Kolacek does not state a damages claim against Lewis because respondeat superior liability does not form the basis for supervisory liability under section 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Accordingly, because Kolacek's damages claim fails, the district court properly dismissed the action.
 
 
 6
 Kolacek argues that the district court should have permitted him to amend his complaint. The district court, however, permitted Kolacek to amend his complaint once. The district court was not required to give Kolacek multiple opportunities to amend his complaint. Moreover, amendment would have been futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 7
 We also hold that the district court did not err by denying Kolacek's motion to strike matters raised in Lewis's pleadings.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3