976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Jose BELMAREZ, Plaintiff-Appellant,
v.
Kathryn BAIL, Chairman, ISRB, et al., Defendants-Appellees.
 No. 92-35034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Belmarez, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. 1915(d). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1730 (1992), and we vacate and remand.
 
 
 3
 In his section 1983 complaint, Belmarez challenged the minimum term of his imprisonment imposed by the Washington Indeterminate Sentence Review Board ("ISRB"). Belmarez appears to allege that the ISRB retrospectively applied Wash.Rev.Code §§ 9.95.009 and 9.95.030 in determining his minimum sentence, thereby postponing his date for a hearing on parole eligibility. He claimed that the ISRB denied him his right to equal protection and he also alleged an ex post facto violation.
 
 
 4
 To the extent that Belmarez's complaint can be construed as challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).
 
 
 5
 When a prisoner files a section 1983 complaint that seeks relief available in habeas corpus, the district court should construe the complaint to that extent as a habeas petition and require exhaustion of state remedies. Franklin v. Oregon, 662 F.2d 1337, 1347 n. 13 (9th Cir.1984); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir.1984). Nevertheless, the district court should stay, rather than dismiss the section 1983 action until state remedies are exhausted. Young v. Kenny, 887 F.2d 237, 240 (9th Cir.1989). Accordingly, we vacate and remand for further proceedings.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3