978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Clyde WOOD, Plaintiff-Appellant,
v.
Barbara ROBERTS; Manfred Maass, Superintendent,
Superintendent of OSP, et al., Defendants-Appellees.
 No. 91-36159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Clyde Wood, an Oregon state prisoner, appeals pro se and in forma pauperis the district court's order dismissing his 42 U.S.C. § 1983 civil rights action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 We review de novo the district court's dismissal of a complaint for failure to state a claim. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). We take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotations omitted). Moreover, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (quotations omitted).
 
 
 4
 Here, Wood received the magistrate judge's findings and recommendations and therefore had notice of the deficiencies of his complaint. The district court, however, dismissed Wood's complaint without giving him leave to amend. Accordingly, we must determine whether Wood's complaint is so deficient it cannot be cured by amendment and, in the process, whether Wood can prove no set of facts that would entitle him to relief. See Love, 915 F.2d at 1245; Noll, 809 F.2d at 1448.
 
 
 5
 Wood alleged that he is unlawfully incarcerated because the Oregon state judicial system deprives criminal defendants of their due process rights. He alleged his conviction is therefore unconstitutional. To grant relief on these allegations, the district court would have been required to invalidate Wood's sentence. Thus, the district court correctly found that Wood's exclusive remedy for these alleged harms is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991).
 
 
 6
 Nevertheless, the district court erred by dismissing the claims based on these allegations because to the extent Wood challenged his conviction as unconstitutional the district court could have construed the complaint as a habeas petition. See Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). There is no indication in the record that the district court took this into consideration.
 
 
 7
 Wood also alleged that it is a custom at the prison to promote violence against sex offenders. He alleged (1) that unidentified prison guards assigned inmates classified as sex offenders to certain housing units and encouraged other, violent, inmates to harass the sex offenders; (2) that an unidentified inmate harassed and intimidated Wood and destroyed Wood's personal property after an unidentified guard told the inmate Wood was a sex offender; (3) that defendant Suwol published in the prison newsletter a request for volunteers for a survey but stated he only wanted inmates who were never convicted of a sex offense; and (4) that the watch commander summoned Wood to his office and subjected Wood to a name-calling session, further demonstrating a bias toward sex offenders on the part of senior prison officials.
 
 
 8
 Wood's allegation of a custom among Oregon prison officials of promoting violence against sex offenders could state a claim for relief under Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). Under Monell, a municipality, its agencies, or its supervisory personnel can be held liable under section 1983 if a constitutional deprivation arises pursuant to a governmental custom even though the custom has not been formally approved through official decisionmaking channels. Id. at 690-91; Redman v. County of San Diego, 942 F.2d 1435, 1444 (9th Cir.1991) (en banc); Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 610 (9th Cir.1986).
 
 
 9
 Here, Wood specifically alleged a practice among prison guards to goad violent inmates into harassing and intimidating sex offenders. Although these allegations seem conclusory, they may support a claim under Monell for a violation of Wood's due process rights caused by the failure of prison officials to protect inmates such as Wood from other inmates. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 10
 Finally, the district court held that a section 1983 action cannot be maintained against John Doe defendants. In general, this is correct. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).
 
 
 11
 However, situations arise, ..., where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.
 
 
 12
 Id. Here, it is not clear that discovery would not uncover the identity of the unknown defendants. Nor is it clear that the complaint should be dismissed on other grounds. Accordingly, the district court erred by dismissing the action on this ground. See id.
 
 
 13
 We hold that it is possible that Wood could amend his complaint to state a claim for which relief can be granted. Therefore, because Wood is a pro se litigant, the district court erred by dismissing the complaint without first giving him an opportunity to amend. See Love, 915 F.2d at 1245; Noll, 809 F.2d at 1448.
 
 
 14
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although defendants filed their motion to dismiss pursuant to Fed.R.Civ.P. 56(b), it is apparent from the record that the dismissal was one for failure to state a claim