981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corey A. KARSTETTER, Plaintiff-Appellant,
v.
Robert L. TUCKER, Chairman, Arizona Board of Pardons and
Paroles, Defendant-Appellee.
 No. 92-15808.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 8, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Corey A. Karstetter, an Arizona state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 action seeking injunctive relief. Karstetter contends that the Arizona Board of Pardons and Paroles (Board) violated the ex post facto clause of the Constitution by applying an amended version of procedural rules for sentence commutation applications. We vacate the district court's order and remand for further proceedings.
 
 
 3
 First, a writ of habeas corpus is the exclusive federal remedy for challenging the length of a state prison sentence. Sisk v. CSO Branch, No. 91-15250, slip op. 10641, 10644 (9th Cir. Sept. 2, 1992); Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Accordingly, Karstetter's claim should have been brought under 28 U.S.C. § 2254.
 
 
 4
 Second, the ex post facto clause prohibits the retrospective application of a law if it disadvantages a criminal defendant. Miller v. Florida, 482 U.S. 423, 430 (1987). A law disadvantages a defendant for purposes of the ex post facto clause if it makes criminal a previously innocent act, increases the punishment for a crime, or changes the proof necessary to convict. Id.
 
 
 5
 The ex post facto clause is violated when a law takes away a prisoner's expectation that he will receive annual parole review pursuant to a specified standard. Watson v. Estelle, 859 F.2d 105, 109-10 (9th Cir.1988), vacated on other grounds, 886 F.2d 1093 (9th Cir.1989).
 
 
 6
 Here, Karstetter challenges the retrospective application of a Board rule that increased the permissible interval between commutation applications to 24 months and limited the availability of commutation hearings before the Board. See Ariz.Rev.Stat.Ann. § 31-411(B) (1978); Ariz.Comp.Admin.R. & Regs., Rule R5-4-602 (1980). He contends that the retrospective application of the rule violated the ex post facto clause because it increased the punishment for his crime.
 
 
 7
 We vacate the district court's order and remand for the district court to consider whether, in light of Watson, Karstetter is entitled to habeas relief.
 
 
 8
 Appellee's request for attorney fees on appeal is denied. See 42 U.S.C. § 1988.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3