985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joel W. ELLINGTON, Dr., Plaintiff-Appellant,
v.
Nancy BECKER, Judge, and R. Caruso, Attorney, Defendants-Appellees.
 No. 92-16009.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel W. Ellington, a Nevada state prisoner, appeals pro se the district court's stay of his 42 U.S.C. § 1983 civil rights complaint and dismissal of habeas petition for failure to exhaust state remedies after the district court construed his section 1983 action as a petition for writ of habeas corpus. Ellington contends that the district court erred by construing his 42 U.S.C. § 1983 action as a 28 U.S.C. § 2254 habeas petition.
 
 
 3
 "We have jurisdiction to review an order staying a civil rights action under the collateral order exception to the final judgment rule...." Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir.1992). We affirm.
 
 
 4
 When a state prisoner brings a section 1983 action attacking the manner or length of his incarceration, the district court will construe his claim as a habeas petition and stay his civil rights claim until he has exhausted state remedies. Young v. Kenny, 907 F.2d 874, 875-78 (9th Cir.1990).
 
 
 5
 Here, Ellington filed a section 1983 action claiming that the state court's pre-filing order violated his constitutional right to access the courts. He also claimed that he was illegally detained because he was denied a speedy trial. The district court construed his complaint as a petition for habeas corpus, stayed the section 1983 action, and dismissed the habeas petition for failure to exhaust state remedies.
 
 
 6
 Because Ellington's complaint attacked the legality of his imprisonment, the district court properly construed the action as a habeas petition and stayed his civil rights complaint until the exhaustion of the habeas procedure. See Young, 907 F.2d at 875-878. Accordingly, we affirm the district court's order.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3