990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ken MCNEILL, Plaintiff-Appellant,
v.
ARIZONA BOARD OF PARDONS AND PAROLES, et al., Defendants-Appellees.
 No. 92-15963.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ken McNeill, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal, prior to issuance and service of process, of his 42 U.S.C. § 1983 action against the Arizona Board of Pardons and Paroles and seven Board members. McNeill contends that the district court erred by finding that the defendants were absolutely immune from suit. We have jurisdiction under 28 U.S.C. § 1291, and we review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1738, 1734 (1992). We vacate the district court's judgment and remand for further proceedings.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), the district court may dismiss an action sua sponte before service of process if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325. A pro se plaintiff who has presented an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 State parole board officials are entitled to absolute, quasi-judicial immunity from suit "for actions taken when processing parole applications." Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981).
 
 
 5
 In his complaint, McNeill claimed that the defendants deprived him of his right to due process by (1) failing to permit his attorney to appear and present evidence at a commutation hearing and (2) denying parole on the basis that he had not obtained counseling that was not available in his prison unit. He sought injunctive and declaratory relief and compensatory and punitive damages.
 
 
 6
 McNeill contends that absolute immunity does not cover the defendants' decision whether to hold a hearing on his commutation application. Absolute immunity extends to all conduct requiring the exercise of quasi-judicial discretion. Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir.1983). Accordingly, McNeill's contention lacks merit.
 
 
 7
 Nevertheless, quasi-judicial immunity does not extend to actions for prospective injunctive relief. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Moreover, federal habeas corpus is the exclusive remedy for challenging the length of a state prison sentence. Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Accordingly, McNeill's has arguable bases in law. See Neitzke, 490 U.S. at 325. We therefore vacate the district court's judgment and remand for further proceedings.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument therefore is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3