5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Norman Lee NEILSON, Plaintiff-Appellant,
v.
KERN COUNTY, CALIFORNIA; Dudley Dunham; William Thresher;
Rod Parker; et al., Defendants-Appellees.
 No. 92-17084.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 10, 1993.
 
 Appeal from the United States District Court, for the Eastern District of California, D.C. No. CV-91-00488-REC; Robert E. Coyle, Chief Judge, Presiding.
 E.D.Cal.
 VACATED AND REMANDED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norman Lee Neilson appeals pro se the district court's order granting summary judgment for defendants and dismissing his civil rights action. Neilson was convicted in a state court, following a jury trial, of violating certain zoning ordinances. In his complaint, Neilson alleged that the defendants violated his civil rights by: (1) misinterpreting the zoning ordinances; (2) illegally searching his property; and (3) negligently exercising their building inspection functions. Neilson also alleged that his conviction and sentence are unconstitutional. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate the district court's order and remand for further proceedings.
 
 
 3
 Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-89 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). When a plaintiff's section 1983 action seeks relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas corpus petition. Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). If exhaustion of state remedies has not been alleged, the district court should stay the section 1983 claims and provide the plaintiff an opportunity to pursue state remedies. Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1990), cert. denied, 498 U.S. 1126 (1991).
 
 
 4
 Neilson alleged that he was denied a fair trial and due process because of the misapplication of a zoning ordinance. Neilson also alleged that his sentence violated the prohibition against excessive bail and cruel and unusual punishment. Because, Neilson is challenging his conviction and sentence, the district court should have construed that portion of his complaint as a habeas corpus petition. See Preiser, 411 U.S. at 488-89; Franklin, 662 F.2d at 1347 & n. 13. Moreover, since Neilson did not allege that he exhausted his state remedies, the district court should have stayed his section 1983 claims and provided him the opportunity to pursue state remedies. See Young, 907 F.2d at 878.
 
 
 5
 Accordingly, we vacate the district court's order granting summary judgment for defendants. On remand, the district court should stay the 1983 claims to provide Neilson an opportunity to exhaust his state remedies on his claim that his conviction and sentence are unconstitutional. See id.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Neilson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3