15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Don A. HERMAN, Plaintiff-Appellant,
v.
Eldon VAIL, Superintendent, Defendant-Appellee.
 No. 93-35023.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Jan. 31, 1994.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Herman appeals the district court's denial of his motion to reconsider its stay of his Sec. 1983 action, pending exhaustion of habeas corpus and state administrative remedies. We have jurisdiction over Herman's appeal under 28 U.S.C. Sec. 1291. Marchetti v. Bitterolf, 968 F.2d 963, 965 (9th Cir.1992) (order staying Sec. 1983 action pending exhaustion of habeas and state remedies reviewable under collateral order exception to final judgment rule). We affirm.
 
 
 3
 Herman, a Washington State prisoner, brought an action under 28 U.S.C. Sec. 1983. He alleged that Superintendent Vail failed to make either a certification or recommendation about his good-time credits to Washington's Indeterminate Sentence Review Board, and did not hold a hearing.
 
 
 4
 Herman sought a court order instructing Vail to certify his credits. Because the recommendation of the superintendent "preordains" whether the Review Board will grant the credits, Bergen v. Spaulding, 881 F.2d 719, 722 (9th Cir.1989), an order to certify the credits would directly affect Herman's sentence. This must be brought as a habeas claim rather than as a Sec. 1983 action. Presier v. Rodriguez, 411 U.S. 475 (1971) (challenges to length of confinement must be brought as habeas petitions not as Sec. 1983 actions).
 
 
 5
 Alternatively, he sought an order instructing Vail to hold a hearing. Due process requires a hearing only before Herman is deprived of credits that he has already earned. Bergen, 881 F.2d at 722. But it is unclear whether, under Washington's statutory scheme, he "earned" the credits by his own good conduct independent of the superintendent's recommendation. Ordering a hearing would require "a federal court judgment" that Herman's good time credits "have been improperly withheld." Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1990). This judgment "would undermine the exhaustion requirement in federal habeas actions and frustrate important values of federal-state comity." Id. His Sec. 1983 was properly stayed. Id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3