48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jimmie STEPHEN, Petitioner-Appellant,
v.
Jackie LACY, Respondent-Appellee.
 No. 93-56312.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie Stephen, a California state prisoner, appeals pro se the district court's sua sponte dismissal pursuant to 28 U.S.C. Sec. 1915(d) of Stephen's 42 U.S.C. Sec. 1983 action against state prosecutors, the Los Angeles County Sheriff, and several sheriff's deputies. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Section 1915(d) authorizes a federal district court to dismiss an action filed in forma pauperis if the court is satisfied that the action is frivolous. A complaint is frivolous where it lacks an arguable basis in either law or fact. Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). A finding of legal frivolousness is appropriate when none of the legal points are arguable on the merits. Neitzke, 490 U.S. at 325. In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 4
 In order to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994) (footnote omitted).[2] A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence therefore does not accrue until the conviction or sentence has been invalidated. Id. at 2373.
 
 
 5
 Here, Stephen alleged that his constitutional rights were violated when he was gagged and shackled during the penalty phase of his state murder conviction. He requested damages and injunctive relief. Because a judgment in favor of Stephen would necessarily imply the invalidity of his sentence, and because Stephen did not show that his conviction has been invalidated by a state or federal court, the district court properly dismissed his claim for damages. See Heck, 114 S.Ct. at 2372-73. For the same reasons Stephen's claim for injunctive relief must fail. See Young v. Kenny, 907 F.2d 874, 876 (9th Cir.1990) (habeas is the exclusive federal remedy "whenever the requested relief requires as its predicate a determination that a sentence being served is invalid").
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stephen's request to consolidate this appeal with Stephen v. Caughey, No. 94-80280 is denied
 
 
 [2]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)