988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ennis E. WHITE, Plaintiff-Appellant,
v.
Jesse FIGUEROA, et al., Defendant-Appellee.
 No. 92-16003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Arizona; No. CV 90-00208-WDB, William D. Browning, District Judge, Presiding.
 D.Ariz.
 VACATED AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ennis Edward White, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights action against the defendants, prosecutors with the Pima County Attorney's Office. White contends that the prosecutors knowingly submitted perjured and false testimony in his criminal trial, and failed to disclose exculpatory information to the defense. We vacate and remand for further proceedings.
 
 
 3
 When a state prisoner challenges the fact or duration of his confinement, his exclusive federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). When a prisoner files a pro se section 1983 complaint seeking relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas petition, and require exhaustion of state remedies. See Franklin v. Oregon, 662 F.2d 1337, 1347 n. 13 (9th Cir.1981); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir.1984). If the prisoner has not exhausted all available state court remedies, the district court should dismiss the habeas claims. Ybarra, 723 F.2d at 681-82. However, the district court should stay, rather than dismiss, the section 1983 action until state remedies are exhausted. Young, 907 F.2d at 240.
 
 
 4
 White brought this section 1983 claim alleging that the defendants, prosecutors with the Pima County Attorney's office, violated his due process rights by selectively prosecuting him on the basis of race, submitting perjured testimony to the grand jury, failing to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and falsely claiming that a witness protection order had been secured. White sought four million dollars in punitive damages, injunctive relief to correct the grand jury testimony, and the reversal of his conviction.
 
 
 5
 The district court determined that the defendants enjoy absolute immunity from section 1983 claims for damages, and dismissed White's complaint prior to service of process.
 
 
 6
 However, the district court's order does not address White's claim that his conviction should be reversed because his due process rights were violated by the prosecution in his criminal trial. To determine the truth of White's allegations, the district court would have to decide whether his conviction was valid; therefore, his sole federal remedy for these claims lies in habeas corpus. See Young, 907 F.2d at 876; Marchetti v. Bitterolf, 968 F.2d 963, 967 (9th Cir.1992) (habeas corpus is sole remedy for prisoner claiming that his conviction was based on perjured testimony); Ybarra, 723 F.2d at 681 (exclusive remedy for Brady violations lies in habeas corpus, not section 1983). To the extent that White's complaint sought a reversal of his conviction as relief for due process violations at trial, the district court should have construed that portion of his complaint as a habeas petition and required exhaustion of state remedies. See Franklin, 662 F.2d at 1347 n. 13. Moreover, the district court should have stayed the section 1983 action pending exhaustion of state remedies. See Young, 907 F.2d at 240.
 
 
 7
 Accordingly, we vacate the dismissal of the section 1983 action, so that the district court may determine whether White has exhausted his state remedies with respect to those claims more properly construed as claims in habeas corpus. See id.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3