992 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre Brigham YOUNG, Plaintiff-Appellant,
v.
Richard J. THOMPSON, Director, Department of Social and
Health Services; David Weston, Defendants-Appellees.
 No. 92-35405.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 29, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Brigham Young, a civilly committed patient, appeals pro se the district court's order granting summary judgment to appellees and dismissing his 42 U.S.C. § 1983 action. Young's complaint alleged that he was: (1) denied access to the courts as a result of an inadequate law library; (2) denied conjugal visits; (3) denied religious services; (4) denied sufficient outdoor exercise; (5) denied sufficient telephone access; and (6) unconstitutionally selected for civil commitment. Young is a patient at the Special Commitment Center ("SCC")[1] at Monroe, Washington, a resident treatment facility for persons civilly committed pursuant to Washington's Sexually Violent Predators Act, Wash.Rev.Code § 71.09.010 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any element essential to that party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a summary judgment motion]; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986).
 
 
 4
 "The fundamental constitutional right of access to the courts requires prison officials to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). If a state denies a prisoner reasonable access to a law library, the state must provide the prisoner legal assistance. Gluth v. Kangas, 951 F.2d 1504, 1507 (9th Cir.1991).
 
 
 5
 Here, Young alleged "he is denied access to various law books, legal dictionary and other legal library amenities he needs to perfect and respond to pending Court Ordered responses" (CR 2 at 2).
 
 
 6
 In their motion for summary judgment, appellees asserted that "[a]ll residents of the Special Commitment Center have access to a law library operated by the Washington State Department of Corrections" (CR 84 at 2). To support their motion, appellees submitted the affidavit of William Dehmer, Program Director for the Special Commitment Center (CR 86). Dehmer asserted that "[r]esidents are provided access to a law library on Tuesday and Thursday of each week for 45 minutes on each day" and that "[t]he law library is staffed with persons to provide assistance" (id. at 2). Dehmer asserted that "[i]n addition to the law library access, residents are also provided with contracted legal services" (id.).
 
 
 7
 Young opposed appellees' motion for summary judgment with his own affidavits and a transcript of his deposition. Young acknowledged that the SCC now provides access to a law library, but asserted that "[f]rom October 24, 1990, to April 17, 1991 [he] had absolutely no legal library access" (CR 92, Plaintiff's Response to Summary Judgment at 1). Young alleged that during this six month period he had several cases pending in both state and federal courts (id.). Young, however, admitted in his deposition that he was represented by counsel in one of his federal cases (id., Deposition of Andre B. Young at 20) and at his state civil commitment hearing (id. at 46).
 
 
 8
 The evidence proffered by both Young and appellees demonstrates that from 17 April 1991 to the present, residents of the SCC, including Young, had access to a law library and legal services. The evidence proffered by both Young and appellees also demonstrates that between 24 October 1990 and 17 April 1991 Young was represented by counsel in his civil commitment hearing and at least one federal case. Thus, the Bounds requirements have been satisfied. See Bounds, 430 U.S. at 828; Gluth, 951 F.2d 1507. Young's allegations that his several other cases were hampered because he was proceeding pro se and did not have access to a law library are not sufficient to defeat a motion for summary judgment. See Anderson, 477 U.S. at 252.
 
 
 9
 "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,' Hewitt v. Helms, 459 U.S. 460, 468 (1983), and therefore is not independently protected by the Due Process Clause." Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461 (1989). If conducted for significant and legitimate security interests, strip searches and body cavity inspections conducted after inmates have contact with persons from outside the institution do not violate the fourth amendment. Bell v. Wolfish, 441 U.S. 520, 558-60 (1979).
 
 
 10
 Here, Young alleged that the "refusal to allow wife's visits without more constitutes [a deprivation] of his constitutional due process rights and is in violation of the 8th amendment" (CR 2 at 3). On 5 September 1990, Young filed a "motion to permit extended family visits" (CR 45). Young argued that the SCC impermissibly limited his visits with his wife and other family members (id., Brief In Support Of Motion To Expand Visiting Days and Hours at 1). Young alleged that the institution conducted strip searches and that he had to expose his body cavities for visual inspection after visits with his family (id. at 2).
 
 
 11
 Responding to Young's motion, appellees asserted that Young was given reasonable visitation privileges (CR 50 at 2). In support of their contention that Young was not entitled to conjugal visits, appellees submitted the affidavit of William Dehmer (CR 52, Exh. 1). Dehmer asserted: "Whether conjugal visits are appropriate for a particular sex offender depends on the individual treatment needs of that sex offender. In [Young's] case, it is inappropriate since he is not in treatment" (id. at 3-4). Appellees asserted that the searches are conducted "to maintain the safety and integrity of the [SCC]" (CR 50 at 4).
 
 
 12
 Young has proffered no evidence which establishes that he has a constitutionally protected right to have conjugal visits with his wife. See Thompson, 490 U.S. at 461. The appellees have established, and Young has not controverted, that conjugal visits are inappropriate due to the fact that Young is not in treatment. Moreover, in order to maintain security and institutional integrity, SCC officials may conduct strip searches and body cavity inspections after inmates have contact with persons from outside the institution. See Bell, 441 U.S. at 558-60.
 
 
 13
 Inmates retain the protections afforded by the first amendment, including its directive that no law shall prohibit the free exercise of religion. Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam); Allen v. Toombs, 827 F.2d 563, 566 (9th Cir.1987). Followers of all religions must be afforded a reasonable opportunity of pursuing their faith. Cruz, 405 U.S. at 322; Allen, 827 F.2d at 568. Prison administrators, however, are not under an affirmative duty to provide each inmate with the spiritual counselor of his choice. Allen, 827 F.2d at 569.
 
 
 14
 Here, Young alleged that appellees violated his constitutional rights by their "refusal or failure to provide religious services" (CR 2 at 4).
 
 
 15
 In their motion for summary judgment, appellees asserted that each of Young's requests for religious services had been satisfied. To support their motion, appellees submitted the affidavit of Sister Renee Kittelson, chaplain at the Special Commitment Center (CR 87). Kittelson asserted that she had made the necessary arrangements to accommodate Young's requests. (id. at 2).
 
 
 16
 Young opposed appellees' motion for summary judgment with his own affidavit. Young asserted that he told Kittelson that he was a practicing Mormon (CR 92, Affidavit in Response at 2). Young asserted that Kittelson advised him that there were no religious volunteers available from the Mormon faith (id.).
 
 
 17
 The evidence proffered by Young and the appellees demonstrates that the SCC has met its burden in providing Young with an opportunity to practice his religion. See Allen, 827 F.2d at 569. Even if Young was denied the assistance of a Mormon religious volunteer, his constitutional rights were not violated. See id.
 
 
 18
 Providing outdoor exercise for one hour per day, five days per week unless weather conditions or safety needs require otherwise is adequate to maintain the psychological and physical well being of inmates. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979) (affirming district court order without deciding constitutional issue).
 
 
 19
 Here, Young alleged that he was denied proper exercise and recreation (CR 2 at 4). Young's deposition, however, demonstrates that SCC provides up to two and a half hours a day of outside exercise time (CR 92, Dep. of Young at 77). Thus, Young is afforded adequate opportunities to exercise outside. See Spain, 600 F.2d at 199.
 
 
 20
 Young also alleged that he was denied access to a telephone. Young, however, admits that he has access to a telephone (CR 92, Dep. of Young at 94). Appellees have demonstrated, and Young has not controverted, that all residents of the SCC are permitted telephone access with a few exceptions for security reasons (CR 84 at 2-3). Thus, Young has not stated a claim cognizable under 42 U.S.C. § 1983. See 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 532 (1981), overruled on other grounds, Daniel v. Williams, 474 U.S. 327, 328 (1986).
 
 
 21
 Therefore, the district court did not err in granting appellees' motion for summary judgment on Young's section 1983 claims. See Celotex Corp., 477 U.S. at 322; Anderson, 477 U.S. at 252.
 
 
 22
 Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-99 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). Where a section 1983 complaint seeks relief available only under habeas corpus, the district court should construe the complaint to that extent as a habeas corpus petition. Franklin v. Oregon, 662 F.2d 1337, 1347 & n. 13 (9th Cir.1981). If the exhaustion of state remedies has not been alleged, the district court should provide the opportunity to pursue state remedies. Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991).
 
 
 23
 Young's complaint alleged that "he was unconstitutionally selected for civil commitment." Thus, Young is challenging the legality of his confinement and he is seeking, inter alia, release from custody. Therefore, the district court should have construed that portion of Young's complaint that seeks release from state custody as a habeas corpus petition. See Preiser, 411 U.S. at 488-99; Franklin, 662 F.2d at 1347 & n. 13. Since Young did not allege that he exhausted his state remedies, the district court should have provided Young the opportunity to pursue state remedies that could result in his release.[2] See Young, 907 F.2d at 878.
 
 
 24
 Accordingly, we affirm the district court's order granting summary judgment to appellees on Young's section 1983 claims. We, however, vacate the order insofar as it granted judgment on Young's claim that he is being held unconstitutionally at the SCC and remand so that the district court may provide Young an opportunity to exhaust state remedies.
 
 
 25
 AFFIRMED IN PART and VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The SCC is operated by the Washington State Department of Social and Health Services. While the SCC is not a prison, appellees admit that the constitutional principles which govern prisoners' rights and conditions of confinement apply to the SCC and its residents (CR 50 at 1)
 
 
 [2]
 We note that defendants, in their answer, requested that this action be stayed pursuant to Young