992 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam S. YAKICH, Plaintiff-Appellant,
v.
MUNICIPAL COURT OF SAN JOSE, SCC, Defendant-Appellee.
 No. 92-16071.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 Before BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sam S. Yakich appeals pro se the district court's orders dismissing his action for lack of federal subject matter jurisdiction and denying "all requests for relief" and prohibiting Yakich from filing any papers with the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part[1].
 
 
 3
 We review de novo the district court's determination that it lacked subject matter jurisdiction to hear Yakich's action. See Kruso v. International Tel. & Tel. Co., 872 F.2d 1416, 1421 (9th Cir.1989); cert. denied, 496 U.S. 937 (1990). The United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of state court judicial proceedings. District Court of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). Review of such determinations can only be obtained in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476; McNair, 805 F.2d at 890. This prohibition applies even when the challenge to the state court decision involves federal constitutional issues. Feldman, 460 U.S. at 484-86; McNair 805 F.2d 891.
 
 
 4
 Here, Yakich was convicted by the Municipal Court of San Jose, after a jury trial, of driving while under the influence of an alcoholic beverage in violation of California Vehicle Code § 23152(a). Yakich was sentenced to ten days of incarceration and ordered to pay a fine. The California Supreme Court considered and rejected Yakich's appeal. Yakich then filed a "petition for transfer of case and review" in the district court. The district court could not evaluate Yakich's constitutional claims without conducting a review of the state court's legal determinations and the jury's verdict. Thus, the district court correctly concluded that it lacked subject matter jurisdiction over Yakich's "petition for transfer of case and review." See Feldman, 460 U.S. at 486; McNair, 805 F.2d at 893.
 
 
 5
 We review for abuse of discretion the district court's order restricting Yakich from making future filings. See De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied sub nom., De Long v. American Protection Servs., 111 S.Ct. 562 (1990). Although district courts have the inherent power to restrict the filings of abusive litigants, pre-filing orders should rarely be issued. Id. at 1147. Before ordering pre-filing restrictions, a district court must apply certain guidelines: (1) the plaintiff must be given notice and the opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of the particular litigant. Id. at 1147-48.
 
 
 6
 Here, the district court's order provided: "The Clerk of the Court is instructed to accept no more papers from Mr. Yakich. Any papers that are filed will cost Mr. Yakich a fine in the amount of $50 per page." The district court did not apply the De Long guidelines when the pre-filing order was issued. See id. Yakich was not given notice of the pre-filing order or an opportunity to oppose the order, and the order was not narrowly tailored. Accordingly, the order is not valid. See id.
 
 
 7
 On May 12, 1988, Yakich filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus in the district court. The record shows that the district court did not consider the petition. A district court may dismiss a habeas petition without serving it on the respondents only if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Because it does not appear from the face of Yakich's petition that he is not entitled to relief, the district court should not have dismissed the petition without serving it on the respondents. See id.
 
 
 8
 Accordingly, the district court's order dismissing Yakich's petition for review of his state court conviction is affirmed. The district court's pre-filing order is vacated and the case is remanded so that the district court may address Yakich's habeas corpus petition.
 
 
 9
 AFFIRMED IN PART and VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe Yakich's "Motion and Application for Enforcement of 9th's Orders by Default Judgment" as a request for oral argument and deny the request
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order of dismissal was entered on May 2, 1988. Yakich filed two motions for reconsideration, which were denied on May 9 and May 19 respectively. Yakich then filed a petition for writ of mandamus and "petition for permission to appeal from interlocutory order" in this court. On June 24, 1988, this court denied the petition for writ of mandamus and directed the district court to treat the "petition for permission to appeal from interlocutory order" as a notice of appeal from the May 19, 1988 order. Due to clerical errors in this court, the appeal was not docketed until June 1992. Accordingly, we have jurisdiction over this appeal. Furthermore, because no judgment was ever entered in the action, we have jurisdiction to review the underlying order of dismissal, as well as the order of May 19, 1988