995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. SMITH, Plaintiff-Appellant,
v.
James K. ROWLAND, et al., Defendants-Appellees.
 No. 92-16595.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 7, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James D. Smith, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to comply with the court's orders. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), and we vacate and remand.
 
 
 3
 Smith filed his original complaint on January 29, 1988, and an amended complaint on November 21, 1990. He alleged repeated violations of his civil rights by the defendants in the form of severe beatings, acts of torture and brutality, denial of necessary medical care, and denial of religious services.
 
 
 4
 On December 13, 1990, the Magistrate Judge issued an order finding that Smith had raised habeas claims in addition to § 1983 claims. Thus, the district court stayed the action until Smith informed the district court whether he had exhausted state remedies pursuant to the holding in Young v. Kenny, 907 F.2d 874, 878 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991) (district court should stay rather than dismiss § 1983 claims pending exhaustion of habeas claims).
 
 
 5
 However, on December 26, 1990, Smith wrote a letter to the district court explaining that he had raised only § 1983 claims in his second amended complaint. Thus, Smith urged the district court to resume his action.
 
 
 6
 On March 13, 1991, Smith filed a Request for Reconsideration of the Magistrate Judge's December 13, 1990 order, again asserting that he raised only § 1983 claims challenging the conditions of his confinement. On July 22, 1991, Smith filed a Motion for Judgment requesting a ruling on his Request for Reconsideration. On April 7, 1992, the Magistrate Judge issued another order requiring Smith to inform the court within 30 days whether he had exhausted his state remedies. On May 22, 1992, the Magistrate Judge issued his Findings and Recommendations that Smith's action be dismissed under Rule 110 of the Local Rules for the Eastern District of California for failure to comply with the court's orders regarding exhaustion. On July 23, 1992, the district court adopted these Findings and Recommendations and issued an order of dismissal pursuant to Local Rule 110.[1] Smith timely appealed.
 
 
 7
 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987); see Fed R.Civ.P. 41(b). The district court must weigh five factors before dismissing a case for failure to obey a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). If, as here, the district court does not explicitly consider these factors, we must independently review the record to determine whether the dismissal was an abuse of discretion. Id.
 
 
 8
 We have reviewed Smith's second amended complaint, and we agree with the petitioner that he raises only § 1983 claims. Although Smith alludes to actions by the defendants allegedly taken to coerce him into pleading guilty to certain charges, he clearly challenges the defendants' conduct as violative of his first, fourteenth, and eighth amendment constitutional rights. We understand that the district court may have liberally construed the second amended complaint to allege a possible challenge to Smith's criminal conviction. However, it is clear from the complaint, Smith's subsequent letter to the court, and the record as a whole, that Smith's claims arise under § 1983. It was thus unnecessary for Smith to exhaust state remedies, and the court was in error for dismissing his action for failure to exhaust, or for failure to prove exhaustion of state remedies to the district court. See Patsy v. Board of Regents, 457 U.S. 496, 516 (1982) (exhaustion of state remedies is not a prerequisite for actions brought pursuant to 42 U.S.C. § 1983); Britt v. Simi Valley Unified Sch. Dist., 696 F.2d 644, 645 (9th Cir.1982) (same).
 
 
 9
 Further, although a review of the record indicates that the first two Malone factors arguably weigh in favor of dismissal, the last three factors do not. See Malone, 833 F.2d at 130. Accordingly, we vacate the district court's dismissal and remand for further proceedings.[2]
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Local Rule 110 provides in pertinent part: "Failure of counsel or a party to comply with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court, including ... dismissal of any action...."
 
 
 [2]
 Alternatively, defendants argue on appeal that dismissal was proper pursuant to Local Rule 183(b), requiring a pro per party to keep the court informed of a current address. Smith was paroled on April 3, 1992, and consequently, the court's April 7, 1992 order was not received by Smith. Smith contends that he went to the clerk's office around June 15, to give the clerk oral notice of an address change, but such information was refused
 We need not consider this argument, however, because Local Rule 183 was not the basis of the district court's order of dismissal, which we have already determined was in error.