**Victor HENRY, Jr., Plaintiff,**

v.

**Juanita SANCHEZ, et al., Defendants.**

**No. CV 94–5134–ABC(RMC).**

United States District Court,
C.D. California.

April 7, 1996.

Victor Henry, Jr., Delano, CA, plaintiff pro se.

Darrell L. Lepkowsky, Supervising Deputy Attorney General, San Diego, California, for defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

COLLINS, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Report and Recommendation.

IT IS ORDERED that:

(1) the Report and Recommendation is approved and adopted;

(2) defendants' Motion to Dismiss is granted, in part, and denied, in part, as follows:

(a) The plaintiff's claim that his current sentence is unlawful is dismissed with prejudice, but without prejudice to his attempt to assert the claim by a writ of habeas corpus.

(b) The plaintiff may proceed with his claim that he was denied procedural due process under the Fourteenth Amendment when he was not afforded a parole revocation hearing;

(c) Any remaining claims are dismissed with prejudice; and

(d) Defendants Aurthur Calderon and the California Rehabilitation Center are dismissed from the action, and there is no just reason for delay in entering Judgment in their favor, pursuant to Fed.R.Civ.P. 54(b), and Judgment shall be so entered.

(3) Defendant Juanita Sanchez shall file her answer to the Amended Complaint within twenty (20) days of service of this Order.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This report and recommendation is submitted to the Honorable Audrey B. Collins, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

On January 20, 1995, in the United States District Court for the Eastern District of California, plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis,* filed an Amended Complaint ("complaint") pursuant to 42 U.S.C. § 1983. The case was transferred to this Court on March 27, 1995. The Amended Complaint, while not completely clear, states two claims: (1) that defendants violated plaintiff's due process rights under the Fourteenth Amendment by failing to provide him with a parole revocation hearing as an outpatient from the California Rehabilitation Center at Norco ("CRC"), where he was civilly committed for narcotics addiction (Complaint, 1:5–15); and (2) that his current incarceration violates both a plea agreement and California Welfare and Institutions Code ("WIC") Sections 3000 and 3151 (Complaint, 2:2–7). The plaintiff names as defendants Juanita Sanchez, a parole officer, Aurthur Calderon, Warden of CRC, and CRC (collectively "defendants"). (Complaint, 4:12–23).

The facts alleged by plaintiff to support his claims are that prior to August 18, 1993, plaintiff was on out-patient status from CRC (Complaint, 1:3–7); he was arrested on August 18, 1993, and immediately thereafter, a parole hold was placed on him; and he was then incarcerated for seven months at the Los Angeles County Jail ("jail"), from August 23, 1993, to March 31, 1994, during which time plaintiff never received a visit from his parole officer, defendant Sanchez, a written notice of parole revocation, or any type of hearing. (Complaint, 1:7–15). The plaintiff was transferred to North Kern State Prison ("prison") on March 31, 1994, at which time, plaintiff alleges, he twice informed prison staff that he had been on out-patient status from CRC. (Complaint, 1:16–17, 1:25–2:6). Subsequent to this notification, plaintiff was not returned to CRC. (Complaint, 2:3–4).

The plaintiff contends that defendants breached their mandatory duty under Title 15, California Code of Regulations ("C.C.R.") (formerly known as California Administrative Code), Sections 3000, 3901.17.4, and 3901.17.5 and California Penal Code ("P.C.") Sections 3056, 3057, and 3060 "for circumventing fo

[sic] parole Due Process." (Complaint, 2:15–16).

In his prayer for relief, plaintiff seeks $750,000.00 from defendants Calderon and CRC, $250,000.00 from defendant Sanchez, and other compensatory, punitive and special damages. The plaintiff also seeks a temporary retraining order, preliminary injunction, and declaratory judgment. (Complaint, 4:12–23).

On July 28, 1995, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff filed an opposition on August 16, 1995, and defendants filed a reply on August 21, 1995.

## DISCUSSION

### I

■ A motion to dismiss should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In considering the motion to dismiss, the court must accept the allegations of the complaint as true. *Hishon v. King & Spalding*, 467 U.S. at 73, 104 S.Ct. at 2232–33; *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976).

The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir.1988).

### II

■ The defendants contend that plaintiff's claims are not cognizable in a Section 1983 civil rights action under the holdings of *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) and *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Preiser*, the Supreme Court held that the writ of habeas corpus is the sole federal remedy for a state prisoner who challenges the fact or duration of his confinement. *Preiser*, 411 U.S. at 489–90, 500, 93 S.Ct. at 1836–37, 1841–42. "[H]abeas must be the exclusive federal remedy not just when a state prisoner requests the invalidation or reduction of his sentence, but whenever the requested relief requires as its predicate a determination that a sentence currently being served is invalid or unconstitutionally long." *Young v. Kenny*, 907 F.2d 874, 876 (9th Cir.1989). *See also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 682 (9th Cir.1984) (prosecutorial misconduct claim under Section 1983 not cognizable where a finding that declaratory relief was warranted would show that release from prison was required).

More recently, in *Heck*, the Supreme Court addressed the issue unanswered in *Preiser*: whether a state prisoner may bring a suit for damages based on the constitutional invalidity of a conviction or sentence under Section 1983. *Heck v. Humphrey*, —— U.S. at ——, 114 S.Ct. at 2368. In holding that such damages actions are not cognizable under Section 1983, the Supreme Court stated:

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Id.* at ——, 114 S.Ct. at 2372. (emphasis in original).

Under the rules of *Preiser* and *Heck*, to the extent plaintiff challenges the validity of his sentence, he must bring this claim in a habeas corpus action. In his complaint,

plaintiff alleges that his current incarceration at prison violates the terms of a prior plea agreement and WIC § 3151, and that, accordingly, he should be returned to CRC.[1] As this claim challenges the validity of plaintiff's sentence, the only proper federal remedy is a writ of habeas corpus. Thus, plaintiff's claim that his sentence is invalid must be dismissed with prejudice.

■ While *Preiser* and *Heck* bar plaintiff's challenge to the validity of his sentence, they do not bar plaintiff's claim for monetary damages stemming from defendants alleged violation of plaintiff's right to procedural due process by failing to afford him a parole revocation hearing. Under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), this claim may be properly brought in a Section 1983 action. In *Wolff*, plaintiffs sought injunctive relief and damages for allegedly unconstitutional procedures which caused them the loss of good time credits. The Supreme Court held that the claims for injunctive relief were barred by *Preiser*; yet, it allowed plaintiffs to bring their damage claim because the claim was based not on the loss of good time credits, but "damages for the deprivation of civil rights resulting from the use of the allegedly unconstitutional procedure." *Wolff*, 418 U.S. at 553, 94 S.Ct. at 2973. In *Heck*, the Supreme Court reaffirmed this principle, stating that *Wolff* "recognized a Section 1983 claim for using the wrong procedures, not for reaching the wrong result (i.e. denying good-time credits). Nor is there any indication in the opinion, or any reason to believe, that using the wrong procedures necessarily vitiated the denial of good-time credits. Thus, the claim at issue in *Wolff* did not call into question the lawfulness of the plaintiff's continuing confinement." *Heck*, —— U.S. at ——, 114 S.Ct. at 2370. *See also Gotcher v. Wood*, 66 F.3d 1097, 1099 (9th Cir.1995).

Here, plaintiff alleges a deprivation of procedural due process in that defendants wholly failed to provide him with a parole revocation hearing. As in *Wolff*, this claim relates to the procedure, not to the result, and therefore, may be cognizable in the present action.

Nonetheless, before plaintiff may proceed with a due process claim, the Court must determine whether plaintiff has a liberty interest warranting the protection of the due process clause. *See Sandin v. Conner*, —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *Wolff*, 418 U.S. at 557–58, 94 S.Ct. at 2975–76.

■ In *Sandin*, the Supreme Court described the liberty interest for inmates under Section 1983, as follows:

Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

—— U.S. at ——, 115 S.Ct. at 2300. While the Supreme Court in *Sandin* recognized the continuing validity of cases holding that state law could create a constitutional liberty interest, it sharply curtailed what could qualify as a liberty interest. After *Sandin* only those deprivations which are atypical and significant will invoke the protection of the due process clause.

■ In the present case, plaintiff claims that as an out-patient parolee he was entitled to a parole revocation hearing subsequent to his arrest on August 18, 1993, at which time a parole hold was placed on him. Whether plaintiff had a liberty interest in a parole revocation hearing while he was detained for seven months in jail, prior to his plea bargain and sentence, must be examined in light of *Sandin*.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that a parolee is entitled to a reasonably prompt preliminary hearing and more formal revocation hearing after his detention following an alleged parole violation or arrest. *Id.* at 484–87, 92 S.Ct. at 2601–03.

---

1. The plaintiff attaches the abstracts of judgment from both proceedings to his complaint, thereby incorporating them into his pleading under Fed. R.Civ.P. 10(c).

The Supreme Court reasoned that the freedom enjoyed by the parolee, although not unlimited, confers a significant liberty interest protected by the due process clause: "The liberty of a parolee enables him to do a wide range of things open to persons who have never been convicted of any crime." *Id.* at 482, 92 S.Ct. at 2600. Thus, prior to revoking this liberty, the parolee is entitled to certain minimum due process. *Id.* at 480–82, 92 S.Ct. at 2599–601. Nothing in *Sandin* undermines the reasoning in *Morrissey.*

Whether the same procedural protections afforded parolees by *Morrissey* apply to an out-patient parolee of CRC was addressed by the California Supreme Court in *In re Bye*, 12 Cal.3d 96, 115 Cal.Rptr. 382, 524 P.2d 854 (1974). In *Bye*, the California Supreme Court held that where the parolee is charged with a violation of the conditions of his outpatient parolee status, a single revocation hearing must be held as soon as possible upon the parolee's prompt return to the CRC. *Id.* at 108–09, 115 Cal.Rptr. 382, 524 P.2d 854. Reasoning that the hearing serves the same function as the parole revocation hearing in *Morrissey*, the California Supreme Court held that the out-patient parolee is entitled to the same procedural protections. The California Supreme Court held that the outpatient parolee is entitled to: 1) written notice of the claimed violations; 2) disclosure of the evidence against him; 3) the opportunity to be heard in person and present witnesses and documentary evidence; 4) the right to confront adverse witnesses; 5) a neutral hearing body; and 6) a written statement by the factfinder. *Id.* at 110, 115 Cal. Rptr. 382, 524 P.2d 854. In addition to *Bye*, the California Code of Regulations sets forth in detail the procedures which must be followed in providing a parolee detained on a parole hold a proper revocation hearing. *See* 15 C.C.R. §§ 3901 et seq.

Under *Morrissey, Bye*, and the California regulations, plaintiff has a protected liberty interest in a parole revocation hearing as a CRC out-patient. The plaintiff, thus, has sufficiently alleged a deprivation of due pro-

cess in defendants' failure to provide a parole revocation hearing, and defendants' motion should be denied as to this claim.[2]

## III

Defendant Sanchez contends that she should be dismissed from the present action under two theories. First, she contends that she is entitled to qualified immunity. Second, she contends that plaintiff has brought only state law claims which are not cognizable in a Section 1983 action. Neither theory is viable. As discussed above, plaintiff has stated a claim for the deprivation of his constitutional right to due process under the Fourteenth Amendment stemming from defendant Sanchez's failure to provide him with a parole revocation hearing.

■ Qualified immunity shields a public officer from a suit for damages if a reasonable officer in the defendant's position could have believed his conduct was lawful in light of clearly established law and the information the officer possessed at the time the conduct occurred. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991); *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). The qualified immunity test requires a two part analysis. First, the Court must determine whether the law governing the officer's conduct was clearly established at the time the challenged conduct occurred. Second, the Court then asks whether, under the clearly established law, a reasonable officer could have believed the conduct was lawful. *Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir.1994); *Hallstrom v. Garden City*, 991 F.2d 1473, 1482 (9th Cir.), *cert. denied sub nom. Killeen v. Hallstrom*, —— U.S. ——, 114 S.Ct. 549, 126 L.Ed.2d 450 (1993); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir.1993).

■ Here, clearly established law entitled plaintiff to a parole revocation hearing while he was on a parole hold in jail. Defendant Sanchez fails to show that she reasonably could have believed plaintiff has no right to a

---

2. To the extent plaintiff attempts to allege any other claims, however, the complaint is unintelli-

gible. Fed.R.Civ.P. 8(a).

parole revocation hearing. Thus, defendant Sanchez's motion to dismiss based on qualified immunity should be denied.

## IV

██ Defendant Calderon claims that, as Warden of defendant CRC, he is entitled to absolute immunity from plaintiff's suit. He cites *Patterson v. Von Riesen,* 999 F.2d 1235 (8th Cir.1993) in support of his claim. In *Patterson v. Von Riesen,* 999 F.2d at 1241, the Eighth Circuit held that a prison warden has absolute immunity for continuing to incarcerate a prisoner pursuant to an order of confinement in the face of a prisoner's claim that he was wrongfully convicted. Based on the facially valid court order of confinement, the court extended the doctrine of absolute judicial immunity to the warden. *Id.* The *Patterson* decision is distinguishable from the instant case because, *inter alia,* defendant Calderon's allegedly unlawful acts or omissions are not pursuant to a court order. The Court, moreover, is not aware of any decision in this circuit providing absolute immunity to a state prison warden in civil rights action.

 The plaintiff sues defendant Calderon in his individual capacity, purportedly because he acted outside the scope of his duties. (Complaint, 4:9–10). When a prisoner seeks damages from prison officials in their individual capacities, the prisoner must demonstrate that the prison official, in acting or failing to act, caused the alleged constitutional deprivation. *Conner v. Sakai,* 994 F.2d 1408, 1414 (9th Cir.1993); *Leer v. Murphy,* 844 F.2d 628, 633–34 (9th Cir.1988). A supervisory official, such as a warden, may be liable under Section 1983 only if he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446–47 (9th Cir.1991) (en banc), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992); *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989). In the present matter, plaintiff does not allege, nor could he plausibly attempt to allege, that defendant Calderon, as Warden of CRC, had any per-

sonal involvement with the deprivation of a parole revocation hearing while plaintiff was on a parole hold in jail. Accordingly, defendant Calderon should be dismissed from this action.

## V

The defendants correctly point out that the Eleventh Amendment bars suit against a state and its agencies and departments for monetary damages. *Papasan v. Allain,* 478 U.S. 265, 276–77, 106 S.Ct. 2932, 2939–40, 92 L.Ed.2d 209 (1986). Thus, defendant CRC should be dismissed from this action.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order:

(1) APPROVING and ADOPTING this Report and Recommendation;

(2) GRANTING, in part, and DENYING, in part, defendants' Motion to Dismiss as follows:

(a) The plaintiff's claim that his current sentence is unlawful is dismissed with prejudice;

(b) The plaintiff may proceed with his claim that he was denied procedural due process under the Fourteenth Amendment when he was not afforded a parole revocation hearing;

(c) Any remaining claims are dismissed with prejudice; and

(d) Defendants Aurthur Calderon and the California Rehabilitation Center are dismissed from the action, and there is no just reason for delay in entering Judgment in their favor, pursuant to Fed.R.Civ.P. 54(b), and Judgment shall be so entered.

(3) Defendant Juanita Sanchez shall file her answer to the Amended Complaint within twenty (20) days of service of this Order.

DATE: March 19, 1996.